### T. D. SCOTT v. THE STATE.

No. 9498.    Delivered November 18, 1925.

**Possessing Intoxicating Liquor—Charge of Court—On Circumstantial Evidence—Not Error.**

Where a charge on circumstantial evidence omits to say that the State relies upon circumstantial evidence alone, for a conviction, the omission does not constitute reversible error. Following Pennington v. State, 48 S. W. 507, and Young v. State, 91 Tex. Crim. Rep. 511.

Appeal from the District Court of Montague County. Tried below before the Hon. Vincent Stine, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

No, brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully possessing intoxicating liquor for the purpose of sale. Punishment one year in the penitentiary.

It is not necessary to state the facts. They support the finding of the jury. The court instructed the jury upon circumstantial evidence in the form usually employed, omitting, however, to say that the State relied upon circumstantial evidence for a conviction. Exception was reserved to the charge because of said omission. The point is settled against appellant in Pennington v. State, 48 S. W. 507, and Young v. State, 91 Tex. Cr. R. 511, 240 S. W. 930.

The court committed no error in refusing to give the special charge shown in bill of exception number one. Another special charge was given at appellant's request which presented the same issue to the jury more comprehensively than did the one refused.

Finding no error in the record the judgment is affirmed.

*Affirmed.*