LEE HUNTER AND CHARLEY HUNTER V. THE STATE.

No. 21580. Delivered May 21, 1941.
Appeal Reinstated June 18, 1941.

The opinion states the case.

*D. D. Newman*, of Leesville, La., and *Synnott & Smith*, of Jasper, for appellants.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for bringing stolen property into the State of Texas; penalty assessed at confinement in the State penitentiary for a term of two years.

The transcript shows that there was a docket entry of the

notice of appeal but nothing to indicate that it was ever carried into the minutes of the court. To confer jurisdiction upon this court, the notice of appeal must be entered upon the minutes of the trial court. See Art. 827, C. C. P.; Branch's Ann. Tex. P. C., sec. 588; 4 Tex. Jur. pp. 115-116, secs. 77-78, and cases cited.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON REINSTATEMENT OF APPEAL.

HAWKINS, Presiding Judge.

On May 21, 1941, the appeal was dismissed because it appeared from the transcript then before us that no proper notice of appeal had been entered of record. By a supplemental transcript it is now shown that such notice was carried into the minutes of the court but the clerk omitted said order from the original transcript. The appeal will be reinstated and the case now considered on its merits.

The indictment charged in substance that the two appellants and six other named parties in the State of Louisiana stole timber from Harold Richman and brought it into Jasper County, Texas, and that the acts of the defendants constituted theft under the laws of Louisiana, and would have been theft under the Texas law if committed here. Lee Hunter and Charley Hunter were alone upon trial, which resulted in conviction with the punishment assessed as shown in our opinion of dismissal.

The prosecution was under Art. 1559 P. C. (1925) which in part provides: "If any person having committed an offense in any foreign country, state or territory, which if committed in this state would have been * * * theft * * * shall bring into this state any property so acquired * * * he shall be deemed guilty of * * * theft * * * and shall be punished as if the offense had been committed in this state * * *."

No bills of exception are brought forward save certain exceptions to the court's charge which will be later discussed.

Appellants urge that the evidence does not support the

conviction. It was shown upon the trial that if appellants did the acts charged against them they would under the laws of Louisiana have been guilty of theft in that state.

The evidence shows that the owner of the timber charged to have been stolen was Hillyer, Deutsch, Edwards, Inc. a lumber company in Louisiana; that said timber was in the actual control, care and management of Mr. Richman. He knew, or had been informed that timber was being stolen from the land under his care. On the night of October 27, 1939, he watched the property and heard trees falling and went close enough to see two parties loading "white oak" staves into a truck or old school bus which belonged to Lee Hunter. Richman could not that night recognize the men engaged in stealing the timber, but the truck was driven out in the direction of Jasper. Richman went to Jasper about an hour behind the truck, recognized it, and watched it until daylight. It was in charge of the two appellants, who were unloading the staves. Appellants defended on the ground that the staves in their possession in Jasper were taken from land belonging to their mother and Lee Hunter. The issue was submitted to the jury and their finding was against appellants.

The record is silent as to what disposition was made of the case as against the six other defendants save as it appears from the amended motion for new trial which was sworn to by appellants. In said motion it is averred that since the conviction of appellants their codefendants had entered pleas of guilty to misdemeanor thefts, and advises the trial court if a new trial was granted to appellants that they also would plead guilty to a misdemeanor theft.

We think it unnecessary to set ou the evidence in detail, but we discover no lack therein to support the verdict of the jury.

Appellants presented an exception to the court's charge because he did not submit the issue of misdemeanor theft. The evidence shows that the inspector at Jasper had made out a ticket for the staves stating the grades and price, which was $55.70. The two trees from which the staves were made measured 3,000 feet, but only 2,600 feet and a fraction over were used by appellants; and the evidence further shows the value in Texas at Jasper of staves such as appellants had to have been $25.00 per thousand feet, and the truck load to be worth fifty to sixty

dollars. If there is evidence in the record raising the issue of misdemeanor theft we have overlooked it.

Appellants also excepted to the charge on circumstantial evidence given by the court. We discover no vice in the instruction. It is true that the court did not tell the jury that the cause was one depending on circumstantial evidence, but this is not indispensable if the charge is otherwise correct. Young v. State, 91 Tex. Cr. R. 511, 240 S. W. 930 and cases therein cited; also see Scott v. State, 102 Tex. Cr. R. 142, 277 S. W. 640.

The appeal is reinstated and the judgment of the trial court is affirmed.